10-3240-ag
Siuabalasingam v. Holder

BIA
A076 154 805

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19ᵗʰ day of April, two thousand twelve.

PRESENT:
>        RALPH K. WINTER,
>        REENA RAGGI,
>        SUSAN L. CARNEY,
>            *Circuit Judges.*

_____

SACHILATHA SIUABALASINGAM, AKA
SRIESWARY SAKKARAUTHAN,
>        *Petitioner,*

>        v.                                    10-3240-ag
>                                              NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:           Visuvanathan Rudrakumaran, New York, N.Y.

FOR RESPONDENT:           Tony West, Assistant Attorney General; Richard M. Evans, Assistant Director; Jeffrey J. Bernstein, Attorney, Office of Immigration

**Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Sachilatha Siuabalasingam, a native and citizen of Sri Lanka, seeks review of a July 15, 2010 decision of the BIA denying her motion to reopen. *In re Sachilatha Siuabalasingam,* No. A076 154 805 (B.I.A. July 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history of this case, which we reference only as necessary to explain our decision to grant the petition for review.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). Where the BIA evaluates country conditions evidence, we review that determination for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

2

The BIA denied Siuabalasingam's motion finding that she did not establish her *prima facie* eligibility for relief.[1] In order to meet this burden she was required to "show *a realistic chance* that [she] will be able to establish [her] eligibility [for asylum]." *Poradisova v. Gonzales*, 420 F.3d 70, 78 (2d Cir. 2005) (emphasis added; internal quotation marks omitted).

Siuabalasingam claims she carried this burden by showing (1) that subsequent to her prior asylum hearing, the persecution of Tamils resumed and intensified; (2) failed Tamil asylum seekers who are returned to Sri Lanka are routinely persecuted or tortured by the government; and (3) the Sri Lankan government will single her out for persecution because she participated in protests in the United States.

Errors of law appear to have informed the BIA's conclusion that Siuabalasingam did not establish a pattern or practice of persecution against Tamils. Reports of the United States Department of State ("State Department") and

---

[1] Because Siuabalasingam's motion to reopen was filed more than 90 days after the BIA's final order of removal, she was required to establish changed country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C). As the BIA did not determine whether she established a material change in Sri Lanka we do not address the issue.

the United Nations High Commissioner for Refugees ("UNHCR") do not simply demonstrate isolated incidents of violence against Tamils, as indicated by the agency. *See In re Sachilatha Siuabalasingam,* slip op. at 2. Rather, these reports describe widespread violence against Tamils perpetrated by the Sri Lankan government, government-supported paramilitary groups, and other actors. For example, the UNHCR report states that "[h]arassment, intimidation, arrest, detention, torture, abduction and killing at the hands of government forces, the LTTE [*i.e.,* the Tamil Tigers] and paramilitary or armed groups are frequently reported to be inflicted on Tamils from the North and East. Individuals suspected of having LTTE affiliations are at risk of human rights abuses by the authorities or allegedly government sponsored paramilitary groups." CAR at 110. The State Department report also describes killings, disappearances, and torture perpetrated against Tamils by paramilitaries and securities forces who operate with "systemic impunity." *Id.* at 85, 87. *See Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 405 (2d Cir. 2005) (remanding case where agency "mischaracterized the record").

4

Moreover, the BIA failed adequately to explain its conclusion that Siuabalasingam did not establish *prima facie* eligibility for relief based on a pattern or practice of persecution against Tamil <u>returnees</u>.  While the BIA generally need not "expressly parse or refute on the record" every piece of evidence a movant offers, *see Wei Guang Wang v. BIA*, 437 F.3d 270, 275 (2d Cir. 2006), the BIA here abused its discretion in failing to offer any explanation for its decision not to credit Siuabalasingam's extensive relevant evidence about the Sri Lankan government's mistreatment of returnees.  *See Poradisova*, 420 F.3d at 81-82 (holding that the BIA abused its discretion in denying a motion to reopen where it gave only a perfunctory summary of material evidence in the record).

Finally, the BIA failed to address Siuabalasingam's claim that she faced a particular risk of mistreatment as a result of her political activity in the United States. While Siuabalasingam had been found not credible at her initial removal hearing in claiming past persecution in Sri Lanka, that finding was not determinative of her new claim, based on subsequent activity in the United States.  *See Paul v. Gonzales*, 444 F.3d 148, 154 (2d Cir. 2008) ("[A]n

5

[asylum] applicant may prevail on a theory of future persecution despite an IJ's adverse credibility ruling as to past persecution, so long as the factual predicate of the applicant's claim of future persecution is independent of the testimony that the IJ found not to be credible.").

Thus, without expressing any view as to how the agency should resolve these questions, we need to know that they have been addressed and the basis for their resolution to conduct even deferential review. *See Poradisova*, 420 F.3d at 77.

For the foregoing reasons, the petition for review is GRANTED, and the case is REMANDED to the BIA for proceedings consistent with this decision. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6